**UNITED STATES of America,
Plaintiff,**

v.

**David M. McINTYRE and Ronald
McNelis, Defendants.**

**Crim. No. 31761.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Oct. 2, 1969.

George P. Hand, Jr., Asst. U. S. Atty., for plaintiff.

James A. Wysocki, New Orleans, La., for David McIntyre.

Edward M. Baldwin, New Orleans, La., for Ronald McNelis.

RUBIN, District Judge:

Defendants David McIntyre and Ronald McNelis are charged with possession of firearms after having been convicted of a felony, in violation of 18 U.S.C.App. § 1202(a). McNelis moves to suppress the use of two revolvers as evidence against him, claiming the guns were seized in an unreasonable search, which violated his rights under the Fourth Amendment. The United States contends the warrantless search was incident to a valid arrest and therefore lawful.

At 1:40 in the morning, May 28, 1969, two New Orleans police officers responded to a complaint reporting that two men had been seen driving repeatedly past a gasoline station, that the station had recently been robbed, and that the men had driven into the station and seemed to be looking it over. After themselves watching the defendants circle the station, the police stopped the vehicle to inquire into this suspicious behavior.[1] When they were first stopped the defendants left their automobile and approached the patrol car; they remained about 20 feet away from their car and in police custody during the whole encounter.

A police radio check revealed that the license plates on defendants' automobile had been issued to another car, and defendants were arrested for possession of an improper license plate.[2] The two arresting officers were joined by a third policeman, in his own patrol car. The police then searched the defendants' car, and found in the locked glove compartment the two revolvers upon which this federal indictment is based.

A warrantless search may escape Fourth Amendment condemnation only in the now narrow group of cases where the danger of postponing the search demonstrates the reasonableness of proceeding without a warrant. Chimel v. California, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685; Terry v. Ohio, 1968, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 2d 889; Katz v. United States, 1967, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576; Preston v. United States, 1964, 376 U.S.

---

1. This action was proper, whether or not there was probable cause to arrest. Terry v. Ohio, 1968, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889.

2. It is unclear whether both defendants could have been properly arrested on this charge, or whether only the driver, McNelis, could have been held responsible. No state charges stemming from the license violation have been brought against either defendant, although the license was reported stolen shortly after defendants were arrested.

364, 84 S.Ct. 881, 11 L.Ed.2d 777. A search contemporaneous with a lawful arrest comes within that category if it is confined to an examination for weapons that might be used to resist the arrest, or for evidence within the suspect's *immediate control* that might easily be destroyed. Chimel v. California, *supra*. Of course, any evidence seized must be relevant to the crime for which the arrest was made, as the probable cause for the search is inferred from the validity of the arrest.[3]

In the instant case, however, the search yielding the revolvers was not "incident" to the arrest that allegedly supports it. The testimony indicates that the search was intended to disclose implements of the robbery that the police suspected the defendants were planning. The arresting officer did not suggest any nexus between the search and the license offense that had been incidentally uncovered.[4]

The Fifth Circuit has condemned the use of an arrest for a traffic offense as the pretext for searching an automobile suspected to contain evidence of more serious crimes, and has suppressed the evidence seized in such a search. *See, e. g.*, Amador-Gonzalez v. United States, 5 Cir. 1968, 391 F.2d 308. Although in the situation presented here the police did not offer the arrest as a pretext for *stopping* the car, the unrelated license violation was asserted as the justification for *searching* it for evidence of intended burglary.

The fact that an arrest was made is therefore irrelevant to the propriety of the search; this case really presents a variant of the "stop and frisk" practice considered in Terry v. Ohio, 1968, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. In *Terry*, a policeman temporarily detaining a person to inquire into suspicious conduct was held authorized to search the suspect for weapons if it was reasonable to fear that the suspect might be armed. The "stop and frisk" exception to the requirement of a warrant was considered reasonable under the Fourth Amendment because of the need for an immediate response to an unfolding threat to public safety, and the concomitant need for the investigating policeman to be able to protect himself.

■ There was no such need for the officers arresting McNelis and McIntyre to rush to examine the locked glove compartment of defendants' car. Even if the search were related to the offense on which defendants were arrested, the situation did not demand immediate seizure of whatever was inside their vehicle. Defendants, apparently unarmed and standing 20 feet away, could not have reached objects in the car, either to threaten the policemen or to destroy evidence. With three officers and two police cars available to guard the car and the suspects, there was no excuse for failing to obtain a warrant before searching the automobile.[5]

The motion to suppress will therefore be granted.

3. The United States suggests in its memorandum that the improper license plate gave rise to a suspicion that the car had been stolen, and the search was for documents which would identify the car. This appears to be a rationale conceived well after the fact of the search, and was not offered by the arresting policeman who testified at the hearing.

4. A footnote in *Chimel, supra*, recognizes a limited right of police to search an automobile without a warrant, where probable cause exists and there is danger the evidence could be quickly moved out of the jurisdiction, 395 U.S. at 764, n. 9, 89 S.Ct. 2034. The cases there cited, and

the decisions following them, involve searches for contraband, authorized by statute. Here, moreover, there was no danger that evidence might be removed.

5. "The burden is upon the government to show that the search fell within one of the exceptions to the Fourth Amendment requirement of a warrant. * * * No such showing was made," Brett v. United States, 5 Cir. 1969, 412 F.2d 401, 405; Williams v. United States, 5 Cir. 1969, 412 F.2d 729; Barnett v. United States, 5 Cir. 1967, 384 F.2d 848; Williams v. United States, 5 Cir. 1967, 382 F.2d 48.