UNITED STATES of America,
Plaintiff,

v.

Loren Lee BROOKS and Bobby James
Staggs, Defendants.

No. LR–70–CR–17.

United States District Court,
E. D. Arkansas, W. D.

March 18, 1970.

W. H. Dillahunty, U. S. Atty., and James R. Rhodes, Asst. U. S. Atty., Eastern District Arkansas, Little Rock, Ark., for plaintiff.

John I. Purtle and Henry Osterloh, Little Rock, Ark., for defendants.

Memorandum Opinion

HENLEY, Chief Judge.

On motion of the defendants, Loren Lee Brooks and Bobby James Staggs, to suppress evidence in subject case. The Court heard the motion on March 9 of the current year, and on March 10 entered an order denying it, at the same time reserving the right to file a memorandum opinion in connection with the motion which is now being done.

On or about October 2, 1969, the defendants were arrested in Faulkner County, Arkansas, in circumstances to be described, by federal and State officers. The automobile in which they had been riding was searched and certain material, including two loaded pistols, and certain items of currency allegedly stolen from the First National Bank of Prescott, Iowa, was seized. The pistols were taken from the passenger compart-

ment of the car; the currency and other items were found in the trunk of the car. The search and seizure were made without a search warrant, and the Government would justify them on the basis that they were valid as incident to a lawful arrest of the defendants.

Shortly after their apprehension defendants were carried before the United States Commissioner for the Western Division of the Eastern District of Arkansas where they were charged with unlawful possession of money allegedly stolen from the Bank that has been mentioned. Defendants were bound over to await the action of the grand jury, and they were indicted on February 17, 1970, on a charge of having violated the provisions of 18 U.S.C.A. § 2113(c).

Defendants originally moved to suppress the evidence in advance of the indictment. However, that motion which was probably premature was withdrawn without prejudice to the right of the defendants to renew it after the indictment had been returned. The motion was renewed in due course.

The defendant, Loren Lee Brooks, is a known criminal with a most serious felony record. In the summer of 1969 he was conditionally released from the United States Penitentiary in Atlanta, Georgia, and returned to Arkansas in the status of a federal parolee. He immediately filed a suit in this Court to secure release from his parole status; his complaint was dismissed, and he remained subject to the requirement that he make periodic reports of his activities to the United States Probation and Parole Officers at Little Rock.

Prior to October 2, 1969, the Little Rock Office of the Federal Bureau of Investigation received information from the Bureau's Memphis office that Brooks had been seen in the company of the wife of one William Moore Pegram who was being sought as an escaped federal prisoner. It was thought that Brooks might make contact with Pegram, and the Little Rock FBI Office decided to place Brooks under surveillance.

On October 2 Brooks paid a visit to his Parole Officer in the United States Postoffice and Courthouse at Little Rock, and as he left the building, the surveillance was begun. Brooks drove away from the building in a 1968 Buick Electra automobile bearing Oklahoma license number SY–3852.

Brooks was followed by the agents to the City of North Little Rock where he spent some time in the Silver Hook Cafe; he then left that place and proceeded toward the eastern outskirts of the City ultimately reaching and proceeding east on U. S. Highway 70. At this point Brooks seems to have become aware that he was being followed, and he accelerated his car to a high rate of speed. The agents pursued; the chase reached speeds in excess of 110 miles an hour, but the agents were not able to catch up with Brooks. They lost him a short distance west of the City of Lonoke, Arkansas, and proceeded into that City under the impression that the surveillance had been a failure.

While in Lonoke the agents learned that a 1968 Buick Electra bearing Oklahoma 1969 license SY–3852 had been seen at the Farmers & Merchants Bank of Elmos, Missouri, two days before that Bank had been burglarized on Septmember 26, 1969, and that two men who had been occupying the car had been in the Bank making certain inquiries.

The agents immediately determined to arrest Brooks if they could catch him, and they called other agents to their assistance. At about the same time, Brooks was observed in his car in the vicinity of his home. The high speed chase resumed and was pursued for quite a distance over highways and byways to a point near Conway, Arkansas, where Brooks was finally overhauled and captured; Staggs was in his company. By the time of the capture at least fifteen officers including both federal and State officers were present.

Brooks and Staggs were formally placed under arrest and were handcuffed. They were searched, and, as indicated, the car, including the trunk, was searched and the challenged material was seized.

■ The Court finds that due to the conduct of Brooks, his long criminal record known to the officers, and the correspondence of his car, including the license plates, to the car observed outside the bank in Missouri prior to the burglary of that Bank the officers had probable cause to arrest Brooks and Staggs.

The Court also finds on the same bases that the officers had probable cause to search the car and had grounds upon which they could have obtained a search warrant from either the United States Commissioner or from an Arkansas magistrate or Judge authorized by Arkansas law to issue search warrants.

The Court further finds that prior to the search of the car both Brooks and Staggs had been taken into effective custody and had been rendered helpless as far as escape, endangering the officers, or destroying evidence was con-concerned.

The question for decision, then, is whether the officers were required to get a search warrant for the car or whether the warrantless search was authorized as being incident to an arrest which the Court considers to have been lawful.

As might be expected, movants rely principally upon the recent decision of the Supreme Court of the United States in Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685. Reliance may also be placed on the older case of Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777.

In *Chimel* petitioner was arrested at his home pursuant to a valid warrant charging burglary of a coin shop. Over the objection of petitioner and without a search warrant the arresting officers searched the entire house, including dresser drawers, and evidentiary items were seized. The Supreme Court held that the search could not be justified as being incident to a lawful arrest. The view of the majority was that a search incident to a lawful arrest is valid where it appears necessary to prevent an escape, injury to the arresting officers, or the destruction of readily disposable evidence, as, for example, liquor or drugs; and the scope of a valid search incident to a lawful arrest was limited to the person of the defendant and the area within his reach.

In *Preston* petitioner had been arrested for vagrancy while seated in his automobile; he and the car were taken to the police station. Petitioner was put in jail, and the car was placed in storage. Thereafter officers searched the car without a warrant and found evidence of crime. It was held that the search was too remote in point of time and place to be justified as a search incident to a lawful arrest.

In determining whether *Chimel* and *Preston* apply to this case so as to constrain a holding that the search here involved was illegal this Court does not write upon an entirely clear slate in view of two of its own decisions, one most recent, the other several years old. Both of those cases were habeas corpus proceedings involving State prisoners who had been convicted of possessing burglar tools.

In Brown v. Stephens, E.D.Ark., 246 F.Supp. 1009, Brown and Satterfield were arrested on suspicion by members of the Little Rock Police Department and were confined in the City Jail. Their car was brought to the police station and was searched without a warrant. The alleged burglar tools were found and seized. Ultimately, the Court did not reach the question of the legality of the search since it concluded that petitioners had not exhausted available State remedies as required by 28 U.S.C. A. § 2254. However, referring to *Preston* and to certain other cases the Court stated that the validity of petitioners' conviction might "well be doubtful." 246 F.Supp. at 1012–1013.

Frazier v. Roberts, E.D.Ark., 310 F. Supp. 504, involved the following situation: Known felons were observed in suspicious circumstances in a small Arkansas city by agents of the FBI who alerted State officers; a surveillance was established and the subjects were associated with an automobile to which was attached a U-Haul trailer; the men were also associated with two rooms of the motel at which they were registered. The surveillance was maintained for some time; officers were present in some force and could have taken the subjects into custody at will. The Sheriff concluded that he needed a warrant to search the car, the trailer, and the motel rooms. He obtained a warrant which turned out to be invalid and on the strength of it made his search discovering the alleged burglary tools in the car and gambling equipment in the trailer.

Petitioner and others were convicted on felony charges in the State courts. Petitioner, having exhausted State remedies, sought relief by way of habeas corpus in this Court. In resisting the petition Respondent contended, among other things, that even if the search warrant was invalid, as it was, the search was justified even had there been no warrant; no effort was made to justify the search as having been incident to a lawful arrest because petitioner was not arrested until after the search.

The Court rejected Respondent's contention that no warrant was required, pointing out that the officers were not confronted with a situation of any apparent urgency, that they were present in force, and evidently were of the view that they could take subjects into custody at will, as indeed they later did. The Court pointed out that the Sheriff evidently thought that he needed a search warrant, and the Court stated that it agreed with the Sheriff. However, notwithstanding the invalidity of the search, the Court dismissed the petition on other grounds that need not here be stated. The Court's decision has been appealed to the Court of Appeals for this Circuit.

It may perhaps be conceded to movants that the holdings of the Supreme Court in Chimel and Preston could logically be considered as invalidating the search with which the Court is now concerned. The question, however, is whether those holdings should be so construed and applied. The Court has answered that question in the negative.

To start with, the Court in Chimel recognized that searches of automobiles involve considerations not present in connection with searches of homes or offices, although this Court certainly does not suggest that Chimel might not be applicable to the search of a motor vehicle. Preston, of course, did involve an automobile.

However, in the Court's estimation this case presents a situation not presented in Chimel, Preston, Brown, or Frazier, and the Court thinks that the facts of this case considered in their totality serve validly to distinguish it from those cases.

No element of hot pursuit was involved in any of the cases just mentioned. In Preston and Brown the subjects had not only been arrested; they had also been confined in jail, and their vehicles had been removed from the public streets and placed in police storage. In Frazier the search preceded the arrest. In Chimel petitioner's entire home was searched and was searched in a leisurely manner, the proceeding consuming about an hour and a half.

 Here, Brooks and Staggs had been run to earth after a wild chase covering quite a number of miles of territory and consuming a substantial amount of time; their vehicle was searched immediately after they got out of it; two loaded pistols were found in the passenger compartment; it was quite reasonable to suspect that the trunk of the car contained contraband or explosives or other dangerous material.

 The Court does not overlook the fact that Brooks and Staggs were hopelessly outnumbered by officers and that they had been handcuffed; but, the Court does not think that the right of

officers to make with probable cause a warrantless search of a car immediately after the removal of the occupant therefrom should necessarily depend upon the number of officers participating in the arrest or on the steps that they may happen to take to secure their prisoner.

In the latter connection, it is conceivable that a rule to the effect that a car cannot be searched without a warrant if the arrested suspect has been secured as by handcuffing might deter some officers from fully securing their prisoners until after the search, which would not be conducive to the safety of either officers or suspects.

Counsel for movants have called the attention of the Court to United States v. McIntyre, E.D.La., 304 F.Supp. 1244. Like the earlier cases that have been mentioned, *McIntyre* did not involve any element of hot pursuit; further it appears that in that case the officers used a mere traffic violation as a pretext for arresting the suspect and searching his car in the hope and expectation of finding evidence of more serious crime, a practice of which the Court disapproved.

Since an order denying the motion to suppress has been entered already, no further word is required.